**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Chris Timothy HILLMAN,**
**Defendant–Appellant.**

No. 02–1922.

United States Court of Appeals,
Sixth Circuit.

March 11, 2003.

Before MOORE and GIBBONS, Circuit Judges; and COHN, District Judge.*

## ORDER

Chris Timothy Hillman appeals pro se from a district court judgment that held him liable for unpaid income taxes and for filing a frivolous tax return. *See* 26 U.S.C. § 7401. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The government made assessments against Hillman for federal income taxes that he had failed to pay for 1992 and 1993. It also assessed a fine against him for filing a frivolous income tax return for 1994. Hillman was notified of these assessments, but he did not pay them.

In 2000, the government filed a complaint seeking to reduce the assessed liabilities, penalties and interest to a judgment. The district court granted the government's motion for summary judgment and dismissed the case on January 30, 2002. Hillman's motion for reconsideration was subsequently denied, and he now appeals.

We review an award of summary judgment *de novo. Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.*

Hillman now argues that the government's case was based on Certificates of Assessments and Payments that were inadmissible hearsay evidence because they were created for the sole purpose of litiga-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

tion. A certificate of assessments and payments is presumptively correct and establishes prima facie proof of tax liability. *United States v. Walton,* 909 F.2d 915, 918–19 (6th Cir.1990). The burden then falls on the taxpayer to produce convincing evidence to the contrary. *Id.* Hillman did not meet that burden as he has not shown that the certificates were inadmissible. *See, e.g., Long v. United States,* 972 F.2d 1174, 1181–82 (10th Cir.1992); *Hughes v. United States,* 953 F.2d 531, 539–40 (9th Cir.1992).

Hillman also argues that he was not subject to federal tax because his income was not derived from international or foreign commerce. However, Hillman is a citizen of the United States, whose income is subject to taxation "from whatever source derived." 26 U.S.C. § 61. Thus, his argument is unavailing insofar as he asserts that the federal income tax only applies to foreigners and United States citizens who live abroad. *See United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994). We are also unpersuaded by Hillman's argument that the assessments were not properly reflected on certain "non-master" computer files.

Finally, Hillman argues that the district court should have allowed him further discovery. He has forfeited this issue by failing to object to a magistrate judge's order that denied his request to compel discovery. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). We note, nonetheless, that Hillman has not shown that additional discovery was needed to fairly adjudicate his claims.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.